Submitted on record and briefs April 2, reversed and remanded October 27, 1982

## In the Matter of the Conservatorship of Dorothy F. Sheard.

### SHEARD,
*Appellant,*

*v.*

### FRANKS,
*Respondent.*

(CA A22404)

652 P2d 849

Dorothy F. Sheard, Mica, Washington, filed the briefs pro se for appellant.

Lawrence B. Rew, and Corey, Byler & Rew, Pendleton, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals from the trial court's order approving the third and final account of plaintiff's conservator.

Defendant was appointed conservator for plaintiff on July 31, 1978. In December, 1979, and January, 1981, defendant filed her first and second annual accounts. Plaintiff filed objections to each. After hearings on the objections to each account, the trial court approved both. Defendant filed her third and final account in July, 1981. Plaintiff filed objections, alleging that during the course of the conservatorship defendant withdrew $18,298.11 from Pacific First Savings and Loan Association (Pacific), the depository for plaintiff's funds, but that defendant's three accounts failed to justify $6,957.28 of that amount. The trial court approved the third and final account after a hearing on plaintiff's objections.

The issue on appeal is whether the trial court properly denied plaintiff's objections and approved defendant's final account. Our review is *de novo. Willbanks v. Mars,* 37 Or App 795, 801, 588 P2d 118 (1978), *rev den* 285 Or 319 (1979).

The difference between the amount defendant withdrew from Pacific and the amount she reported as receipts in her three accounts is $6,715.34. $3,008 of the discrepancy was for alleged expenditures in issue at the hearing on plaintiff's objections to the second annual account. The trial court properly decided that pursuant to ORS 126.283(3)[1] plaintiff's failure to appeal the order approving the second annual account closed the matter of the $3,008. Therefore, $3,008 of the discrepancy is not properly before us.

In the hearing on objections to the final account, defendant attempted to account for an additional

---

[1] ORS 126.283(3) provides, in part:

"Subject to appeal or vacation within the time permitted, an order, made upon notice and hearing, allowing an intermediate account of a conservator, adjudicates as to his liabilities concerning the matters considered in connection therewith. * * *"

$2,948.94[2] of the discrepancy with a record book in which she noted expenditures for plaintiff from May, 1978, through April, 1979. The adequacy of the record book, absent receipts, as a method of accounting depends on the credibility of defendant. We therefore give great weight to the trial court's determination that the record book was sufficient. *See Cantera v. Lovejoy,* 26 Or App 1, 5, 552 P2d 606 (1976). Nevertheless, the $1,097.23 of expenditures noted in the record book for May, June and July, 1978, before the conservatorship commenced on July 31, 1978, was not an adequate accounting for the withdrawals, which all occurred after the conservatorship began. Therefore, the record book was an adequate documentation for only $1,851.71 of the discrepancy.

Defendant attempted to account orally for an additional $1,000 of the discrepancy at the hearing on the final account. She contended that a $1,000 withdrawal from Pacific on August 4, 1978, four days after the conservatorship began, was made by plaintiff at defendant's direction. Defendant testified that she used part of the $1,000 to make cash disbursements to plaintiff and placed the rest in plaintiff's personal checking account, which defendant used for plaintiff's benefit. Defendant admitted, however, that she could not provide any documentation or other explanation for the expenditure of the $1,000. The trial court accepted defendant's testimony as an adequate accounting for the $1,000 withdrawal. That was error.

In *Willbanks v. Mars, supra,* we said:

> "* * * It is well settled that a conservator is a fiduciary, *Ohio Cas. Ins. Co. v. Mallison et ux,* 223 Or 406, 411, 354 P2d 800 (1960), and as such has a duty to accurately account for expenditures of funds entrusted to her, *Storms v. Schilling,* 25 Or App 209, 213, 548 P2d 529 (1976)." 37 Or App at 798.

At a hearing on a ward's objections to a conservator's final account, the conservator has the burden to sustain the accounting. *Storms v. Schilling,* 25 Or App 209, 548 P2d 529 (1976). A conservator fails to meet the burden of

---

[2] At the hearing on the final account, defendant contended that the record book contained notations for expenditures of approximately $2,700. Our review of the record book, however, reveals notations for expenditures totalling $2,948.94.

adequately verifying her account if cash disbursements and allowances to the ward are not verified in some manner beyond mere testimony that the sums expended were for the ward's benefit. *Willbanks v. Mars, supra.* Defendant has failed to meet her burden; she provided no documentation for the expenditure of $1,000 withdrawn from Pacific.

Defendant failed to account adequately for $1,855.63 of the monies withdrawn from the conservatorship.[3] Therefore, the trial court erred in approving defendant's final account.

The order approving defendant's final account is reversed and remanded for an order compelling defendant to reimburse plaintiff in the amount of $1,855.63.

---

[3] Defendant attempted to account for expenditures in excess of the $6,715.34 discrepancy. Defendant attempted to account for $6,956.94 in expenditures for the ward's benefit: $3,008 from the second annual accounting, $2,948.94 from the record book, and $1,000 withdrawn at the ward's direction. Nevertheless, defendant adequately accounted for only $4,859.71 in expenditures: $3,008 from the second annual account and $1,851.71 from the record book. Therefore, defendant failed to account adequately for $1,855.63 of the discrepancy.